UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANUEL FLORES, | 1:12-cv-00977-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION TO AMEND AND MOTION FOR PRELIMINARY INJUNCTIVE RELIEF |
| vs. | (Doc. 17.) |
| CORCORAN STATE PRISON, et al., | |
| Defendants. | ORDER GRANTING REQUEST FOR COPY OF COMPLAINT |
| | ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF HIS ORIGINAL COMPLAINT (Doc. 1.) |

## I.    BACKGROUND

Carlos Manuel Flores ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 18, 2012.  (Doc. 1.)  The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (Docs. 5, 15.)

The court screened the Complaint pursuant to 28 U.S.C. 1915A and entered an order on August 24, 2012, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 6.)  On November 17, 2012, Plaintiff filed the First Amended Complaint.  (Doc. 7.)  This case now proceeds with the First Amended Complaint against defendant Dr. Moon, for failure

to provide adequate medical care to Plaintiff, in violation of the Eighth Amendment.  (Id.)  This case is presently in the discovery phase.

On September 5, 2013, Plaintiff filed a motion to amend the complaint.  (Doc. 17.) Plaintiff also seeks to compel defendants to stop retaliating against him and to return his property.  (Id.)  Plaintiff also requests a copy of his original Complaint.  (Id.)  Defendant has not filed an opposition.

## II.    MOTION TO AMEND

### A.    Legal Standards

#### 1.    Rule 15(a) – Amended Complaint

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Id.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

#### 2.    Rule 15(d) – Supplemental Complaint

A supplemental complaint adds allegations to the complaint of events occurring after the original complaint was filed.  Fed. R. Civ. P. 15(d).  Under Rule 15(d), the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  Id.  A party may only file a supplemental complaint with leave of court.  Id. When considering whether to allow a supplemental complaint, the Court considers factors such as whether

allowing supplementation would serve the interests of judicial economy; whether there is evidence of delay, bad faith or dilatory motive on the part of the movant; whether amendment would impose undue prejudice upon the opposing party; and whether amendment would be futile.  See San Luis & Delta-Mendota Water Authority v. United States Department of the Interior, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (citing Keith v. Volpe, 858 F.2d 467 (9th Cir. 1988), Foman v. Davis, 371 U.S. 178 (1962), and Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400 (9th Cir. 1997)).

**B.     Plaintiff's Motion**

Plaintiff requests leave to amend the complaint to add claims of retaliation arising from events commencing on August 27, 2013.  Plaintiff alleges that unnamed defendants at Corcoran State Prison (CSP) retaliated against him for filing the present civil rights action by forcibly transferring him from CSP to Kern Valley State Prison without his property, then forcibly transferring him back to CSP and involuntarily housing him in a mental health unit.  Plaintiff also alleges that the unnamed defendants stole his property and told him it was lost.  Plaintiff also alleges that defendants used excessive force against him through use of handcuffs and leg irons.

**C.     Discussion**

Because Plaintiff has already amended the complaint once, and Plaintiff has not obtained written consent from Defendant to amend the complaint, Plaintiff requires leave of court to file a Second Amended Complaint.  Plaintiff's new claims for retaliation arise from events occurring after this case was filed.  To allow such claims in an amended complaint would be futile, because the Prisoner Litigation Reform Act (PLRA) requires Plaintiff to exhaust his administrative remedies *prior to* filing suit, which would be impossible for claims arising *after* the suit was filed.  42 U.C.C. § 1997e(a);  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (emphasis added).  Section 1997e(a) mandates that "[n]o action shall be *brought* ... until [the prisoner's] administrative remedies ... are exhausted," 42 U.S.C. § 1997e(a), and "requires that a prisoner exhaust administrative remedies *before submitting any papers* to the federal courts,"

Vaden v. Summerhill, 449 F.3d 1047 (9th Cir. 2006) (emphasis added).  Therefore, Plaintiff's motion to amend the complaint shall be denied.

Such after-occurring claims are properly brought in a supplemental complaint. However, under Rule 18 of the Federal Rules of Civil Procedure, Plaintiff may not bring unrelated claims in the same complaint.  "The controlling principle appears in Fed. R. Civ. P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

This case now proceeds on Plaintiff's claims that he was denied adequate medical care by Defendant Dr. Moon.  Plaintiff's new claims concern retaliation occurring after the original Complaint was filed.  Because Plaintiff has not named any of the defendants who retaliated against him, or alleged facts showing a causal connection between the filing of this action and defendants' retaliation, the court cannot make a determination that the new claims are related to Plaintiff's prior claims.  It would be futile to allow Plaintiff to supplement the complaint in this action with unrelated claims.  Therefore, to the extent that Plaintiff seeks to file a supplemental complaint, such request must be denied.  Plaintiff is advised that he may file a new case to bring unrelated claims.

## III.   MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

### A.   Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation

omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 374 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

**B.     Plaintiff's Motion**

Plaintiff seeks a court order compelling prison officials to stop retaliating against him and to return his personal property.  The order requested by Plaintiff would not remedy any of the claims upon which this action proceeds.  This action now proceeds against defendant Dr. Moon for denying Plaintiff adequate medical care, based on events occurring before he filed this action on June 18, 2012.  Plaintiff now requests a court order protecting him from present and future actions.  Because such an order would not remedy any of the claims upon which this action proceeds, the Court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

///

///

///

**IV.     REQUEST FOR COPY OF COMPLAINT**

Plaintiff requests the court to provide him with a copy of his original Complaint and exhibits filed on June 18, 2012.  Plaintiff asserts that he requires a copy of the Complaint and exhibits because his copy was lost or stolen by prison officials through no fault of his own.

Plaintiff is advised that the Clerk does not ordinarily provide free copies of case documents to parties.  The Clerk charges $.50 per page for copies of documents.  <u>See</u> 28 U.S.C. § 1914(a).  Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request and prepayment of the copy fees.  The fact that the Court has granted leave for Plaintiff to proceed in forma pauperis does not entitle him to free copies of documents from the Court.  Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge.

In this instance, in light of the fact that Plaintiff asserts that his property was lost or stolen through no fault of his own, and because Plaintiff's Complaint is not voluminous, the Court shall make a one-time exception and provide Plaintiff with a free copy of his original Complaint.

**V.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion to amend, filed on September 5, 2013, is DENIED;

2.     Plaintiff's motion for preliminary injunctive relief is DENIED;

3.     Plaintiff's request for a copy of his original Complaint is GRANTED; and

4.     The Clerk is directed to send Plaintiff a copy of his original Complaint, filed on June 18, 2012 (Doc. 1).

IT IS SO ORDERED.

Dated:   <u>**December 3, 2013**</u>          <u>       **/s/ Gary S. Austin**</u>
                                                          UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28