# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANUEL FLORES,<br><br>Plaintiff,<br><br>vs.<br><br>CORCORAN STATE PRISON, et al.,<br><br>Defendants. | 1:12-cv-00977-GSA-PC<br><br>ORDER GRANTING DEFENDANT MOON'S MOTION TO COMPEL (Doc. 18.)<br><br>ORDER FOR PLAINTIFF TO RESPOND TO REQUESTS TWO, THREE, AND FOUR OF DEFENDANT MOON'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, WITHIN THIRTY DAYS |

**I.     BACKGROUND**

Carlos Manuel Flores ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 18, 2012. (Doc. 1.) The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Docs. 5, 15.) This case now proceeds with the First Amended Complaint, filed by Plaintiff on September 17, 2012, against defendant Dr. Moon ("Defendant"), for failure to provide adequate medical care to Plaintiff, in violation of the Eighth Amendment. (Doc. 7.)

On January 15, 2013, the court issued a Scheduling Order establishing pretrial deadlines, including a deadline of September 15, 2013 for completion of discovery. (Doc. 13.) On September 13, 2013, Defendant filed a motion to compel discovery responses. (Doc. 18.) Plaintiff has not filed an opposition to the motion to compel. (Court Record.)

## II.     MOTION TO COMPEL

### A.     Legal Standards

#### *Rule 26(b) - Scope of Discovery*

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ─ including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.[1] Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

#### *Rule 34 - Production of Documents*

Under Rule 34(a), "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev. 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 81 F.R.D. at 472. Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce

---

[1]"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action." Fed. R. Evid. 401.

documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

### *Court's Scheduling Order*

The court's Scheduling Order of January 15, 2013, instructed the parties that "[r]esponses to written discovery requests shall be due forty-five (45) days after the request is first served." (Doc. 13 at 1 ¶2.)  The parties were also informed that "[u]nless otherwise ordered, Rule 251 shall not apply, and the requirement set forth in Federal Rules of Civil Procedure 26 and 37 . . . shall not apply.[2] (Id. at 2 ¶5.)

### *Rule 37 - Motions to Compel*

Pursuant to Rule 37(a), a party propounding discovery or taking a deposition may seek an order compelling responses when an opposing party has failed to respond or has provided evasive or incomplete responses.  Fed. R. Civ. P. 37(a)(3)(B).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)).  The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

**B.**   **Defendant's Motion**

Defendant seeks an order compelling Plaintiff to respond to Defendant's Request for Production of Documents, Set One.  Defendant provides evidence that on February 5, 2013, defense counsel served Defendant's Request for Production of Documents, Set One, upon Plaintiff.  (Declaration of Jennifer Marquez ("Marquez Decl."), Doc. 18-1 at ¶2, Exh. A.)

---

[2]"Federal Rules of Civil Procedure 26 and 37 [require] that a party seeking relief from the court concerning obligations to respond to requests for discovery certify that he or she has in good faith conferred or attempted to confer with the other party or person in an effort to resolve the dispute prior to seeking court action shall not apply.  Voluntary compliance with this provision of Rules 26 and 37 is encouraged, however." (Doc. 13 at 2 ¶5.)

Thus, pursuant to the court's Scheduling Order, Plaintiff's responses to the Request for Production were due no later than March 25, 2013.[3] (Doc. 13 at 1 ¶2.) On April 12, 2013, defense counsel sent Plaintiff a letter about his failure to respond and produce documents, requesting Plaintiff to provide responses no later than May 10, 2013, or a motion to compel would be filed. (Marquez Decl. at ¶¶3, 4, Exh. B.) As of September 13, 2013, the date of Defendant's motion to compel, Plaintiff had not provided any response to defense counsel's letter or to the Request for Production. (Id. at ¶5.)

Defendant seeks an order compelling Plaintiff to respond and produce documents in response to the Request for Production. Specifically, Defendant seeks to compel responses to the following three requests in the Request for Production:

**REQUEST FOR PRODUCTION NO. 2:**

All documents that support your contention that Dr. Moon violated your civil or constitutional rights.

**REQUEST FOR PRODUCTION NO. 3:**

All documents that support your contention that you suffered injury or harm as a result of the purported acts or omissions by Defendant Dr. Moon.

**REQUEST FOR PRODUCTION NO. 4:**

All medical records relating to your contention that Dr. Moon violated your civil or constitutional rights.

Defendant argues that the requested discovery is nonprivileged and relevant to Plaintiff's claims and to Dr. Moon's defense of this case.

C. **Discussion**

Based on the evidence set forth above by Defendant, the court finds that Plaintiff failed to timely respond to Defendant's Request for Production of Documents, Set One, thus waiving any objections. The court also finds that Defendant's requested discovery concerns matters

---

[3] Pursuant to Rule 6(d), "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d).

relevant to the subject matter involved in this action. Plaintiff has not filed any opposition to Defendant's motion to compel. Based on this evidence, the court finds good cause to grant Defendant's motion to compel.

### III. CONCLUSION

Based on the foregoing, and good cause appearing, IT IS HEREBY ORDERED that:

1. Defendant Moon's motion to compel, filed on September 13, 2013, is GRANTED;
2. Plaintiff is required to respond to Requests Two, Three, and Four of Defendant's Request for Production of Documents, Set One, within thirty (30) days of the date of service of this order;
3. No objections to the discovery requests are permitted; and
4. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: **December 5, 2013**          **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE