UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANUEL FLORES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CORCORAN STATE PRISON, et al.,<br><br>　　　　Defendants. | 1:12-cv-00977-GSA-PC<br><br>ORDER FOR DEFENDANT MOON TO RESPOND TO PLAINTIFF'S MOTION TO DISMISS WITHIN TWENTY (20) DAYS<br>(Doc. 23.) |

　　　　Carlos Manuel Flores ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983.  Plaintiff filed the Complaint commencing this action on June 18, 2012.  (Doc. 1.)  The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (Docs. 5, 15.)  This case now proceeds with the First Amended Complaint, filed by Plaintiff on September 17, 2012, against defendant Dr. Moon, for failure to provide adequate medical care to Plaintiff, in violation of the Eighth Amendment.  (Doc. 7.)

　　　　On December 16, 2013, Plaintiff filed a motion to "dismiss this lawsuit and all litigation involved in this complaint."  (Id.)  The court construes Plaintiff's motion as a motion to dismiss under Rule 41(a)(1).  In Wilson v. City of San Jose, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.  Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)).  A plaintiff may dismiss his action so long as the plaintiff files

a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). In this case, defendant Moon filed an answer on January 11, 2013. (Doc. 11.) Therefore, before plaintiff can dismiss this action, defendant Moon must consent in writing to the dismissal. Defendant Moon shall be required to respond in writing to plaintiff's motion to dismiss.

Accordingly, **IT IS HEREBY ORDERED** that within twenty (20) days of the date of service of this order, defendant Moon shall respond in writing to plaintiff's motion to dismiss, indicating whether he consents to the dismissal of this action, or whether he has any reason to oppose the dismissal.

IT IS SO ORDERED.

Dated:   **December 17, 2013**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE